J-S33009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD DRUMMOND | : | |
| | : | |
| Appellant | : | No. 2187 EDA 2018 |

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015491-2008

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED:  FEBRUARY 16, 2021**

Appellant, Gerald Drummond, appeals from the PCRA court's Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46. Appellant challenges the PCRA court's dismissal of his **Brady**[1] and ineffective assistance of counsel claims. After careful review, we affirm.

On December 20, 2010, a jury convicted Appellant of two counts of First-Degree Murder and related crimes[2] for the July 13, 2007 execution-style

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

[2] 18 Pa.C.S. § 2502(a). The jury also convicted Appellant of Conspiracy, Possessing an Instrument of Crime, and Carrying Firearms on Public Streets in Philadelphia. 18 Pa.C.S. §§ 903, 907, and 6108, respectively.

shooting of Damien Holloway, boyfriend of Appellant's sister, and fourteen-year-old Timothy Clark, a bystander witness. At trial, the Commonwealth presented testimony from multiple witnesses to whom Appellant and his co-defendant, Robert McDowell, had bragged about the killings. The following portions of trial testimony are relevant to our review of the issues raised in this appeal.

Commonwealth witness Danyell Tisdale, in response to a question from the court about whether she possessed first-hand knowledge of "bad blood" between Appellant and victim Holloway, testified that she knew Appellant "didn't like black people." PCRA Ct. Op., 9/11/19, at 9 (citing N.T. Trial, 12/9/10, at 142-43). Tisdale also attributed the use of racial slurs to Appellant. *Id.* Defense counsel objected to Tisdale's testimony, and the court sustained the objection. *Id.*

Commonwealth witness Nicole Penrose testified that, in exchange for her testimony against Appellant, prosecutors promised her leniency in unrelated cases against her in New Jersey and Pennsylvania. PCRA Ct. Op., at 7-8 (citing N.T. Trial, 12/16/10, at 71-72); N.T. Trial, 12/14/10, at 37-48. Penrose did not reveal that, in addition to testifying against Appellant, she had agreed to testify against her co-defendant in the New Jersey case. *See* N.T. Trial, 12/16/10, at 37-48; Appellant's Br. at 11-13.

Finally, Penrose and several other Commonwealth witnesses testified that Appellant's friends or family threatened or assaulted them before trial. PCRA Ct. Op., at 11 (citing N.T. Trial, 12/10/10, at 153; 12/9/10 at 227-28;

12/13/10, at 46-47, 81; 12/14/10, at 21). The court admitted this evidence to explain why the witnesses' testimony differed from their pretrial statements to the police, and counsel for Appellant did not object. **Id.**

On January 13, 2011, the court sentenced Appellant to, *inter alia*, two consecutive life sentences. On September 9, 2013, this Court affirmed Appellant's Judgment of Sentence. **Commonwealth v. Drummond**, 87 A.3d 374 (Pa. Super. filed Sept. 9, 2013) (unpublished memorandum). On October 6, 2014, the U.S. Supreme Court denied *certiorari*. **Drummond v. Pennsylvania**, 135 S. Ct. 269 (2014).

Appellant timely filed this PCRA Petition, which he amended on September 11, 2017. The court held a PCRA Hearing on May 7, 2018, at which the parties presented argument but no testimony or evidence. On July 16, 2018, the court dismissed Appellant's Petition by Order. Appellant timely filed a Notice of Appeal, and both he and the PCRA court satisfied Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the lower court err in failing to grant [Appellant] a new trial in light of the Commonwealth's failure to disclose exculpatory evidence relating to Commonwealth witness Nicole Penrose's cooperation with NJ authorities?

[2]. Did the lower court err in finding that trial counsel was not ineffective for failing to request a cautionary instruction regarding evidence of threats and physical violence against Commonwealth witnesses?

[3]. Did the lower court err in finding that trial counsel was not ineffective for failing to object to the trial court's instruction regarding reasonable doubt?

[4]. Did the lower court err in finding trial counsel was not ineffective for failing to request a mistrial after the Commonwealth elicited testimony from Danyell Tisdale that "[Appellant] didn't like black people," and attributed other racial slurs to [Appellant]?

Appellant's Br. at 3 (reordered for ease of analysis).

Our standard of review of a dismissal of a PCRA petition is limited to determining if the evidence of record supports the PCRA court's determination and whether it is free of legal error. **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011). To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or U.S. Constitutions and ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i), (ii).

Further, a petitioner must plead and prove that he has not previously litigated or waived the claims raised in the PCRA petition. 42 Pa.C.S. § 9543(a)(3), (4). An issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544. **See**, **e.g.**, **Commonwealth v. Chmiel**, 30 A.3d 1111, 1129-30 (Pa. 2011) (finding waiver where appellant failed to prove information was not available at trial or at time of direct appeal).

**_Brady_ claim**

In his first issue, Appellant alleges that the Commonwealth committed a **Brady** violation by withholding the full extent of witness Nicole Penrose's cooperation with authorities in her unrelated New Jersey prosecution. Appellant's Br. at 11-13. He claims that a 2009 Order by the Superior Court of New Jersey required Penrose to testify against her New Jersey co-defendant, in addition to testifying against Appellant. **Id.** at 8.

As stated above, the PCRA requires Appellant to plead and prove that he has not waived this issue by failing to raise it at an earlier proceeding. **See** 42 Pa.C.S. § 9544(b). Appellant has failed to carry his burden. He provides no indication as to when he learned of the alleged **Brady** material, which was in existence at the time of his trial and direct appeal. Appellant has, thus, failed to satisfy Section 9544(b) of the PCRA and, as a result, this issue is waived. **See** 42 Pa.C.S. § 9544(b). **See also Chmiel**, **supra**; **Commonwealth v. Roney**, 79 A.3d 595, 609 (Pa. 2013).

**Ineffective assistance of counsel claims**

Each of Appellant's remaining claims present challenges to the effectiveness of his trial counsel. Appellant's Br. at 13-19. To prevail on an ineffective assistance of counsel claim, the petitioner must overcome the presumption that counsel is effective by establishing: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) counsel's performance prejudiced him, *i.e.*, there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different. **Commonwealth v.**

*Dennis*, 950 A.2d 945, 954 (Pa. 2008). An appellant fails to meet his burden of proving ineffective assistance of counsel if he fails to address all three prongs of the ineffectiveness test. *Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008).

### Failure to request a limiting instruction

In his second issue, Appellant argues that trial counsel should have requested a limiting instruction related to testimony about witness intimidation. Appellant's Br. at 14. He argues that his counsel's failure to request such an instruction "was clearly prejudicial" since it "invited" the jury to consider the testimony as evidence of his bad acts. *Id.*

The PCRA court denied Appellant relief, finding that Appellant failed to satisfy the ineffectiveness test's third prong by showing that a limiting instruction would have changed the outcome of trial. PCRA Ct. Op., at 11-12. The court reasoned that none of the evidence implicated Appellant in witness intimidation and, therefore, its admission without a limiting instruction did not alter the outcome of the proceeding. *Id.* at 11.

The record supports the PCRA court's determination. Several witnesses testified that they were threatened or assaulted after testifying at Appellant's preliminary hearing. N.T. Trial, 12/9/10, at 227-30; 12/10/10 at 151-53; 12/13/10, at 45-46; 12/14/10, at 21-22. None of the witnesses testified that the threats or assault were at Appellant's direction, and the Commonwealth did not imply as much. Appellant posits nothing more than a bald allegation that, by failing to request a limiting instruction, his trial counsel "invited" the

jury to consider the intimidation evidence as evidence of his bad character. This allegation does not establish that, had the court issued a limiting instruction, there is a reasonable probability that it would have changed the outcome of the trial. As a result, this claim fails and the PCRA court did not err in denying relief.

### Failure to object to reasonable doubt instruction

In his third issue, Appellant claims that his trial counsel was ineffective for failing to object to the trial court's jury instruction on reasonable doubt.[3] Appellant's Br. at 15-19. He argues that the trial court's use of a medical example to explain reasonable doubt unconstitutionally lessened the reasonable doubt standard. *Id.*

The PCRA court concluded that the reasonable doubt instruction, when read in the context of the jury charge as a whole, did not lessen the reasonable doubt standard. PCRA Ct. Op., at 15-16. Therefore, Appellant's ineffectiveness claim lacked merit. *Id.*

We review "the jury charge as a whole to determine if it is fair and complete." *Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa.Super.

---

[3] In support, Appellant relies on *McDowell v. DelBalso*, 2020 WL 61162 (E.D. Pa. 2020), a case from the United States District Court for the Eastern District of Pennsylvania that found the instruction at issue unconstitutional. However, we are "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." *In re Stevenson*, 40 A.3d 1212, 1216 (Pa. 2012). Moreover, the *McDowell* court provided a cursory review of the charge in question and, without relevant analysis, likened it to a significantly distinguishable charge found unconstitutional in *Brooks v. Gilmore*, 2017 WL 3475475 (E.D. Pa. 2017). *McDowell*, thus, provides no support to Appellant's request for relief.

2008) (citation omitted). "Error cannot be predicated on isolated excerpts of the charge . . . it is the general effect of the charge that controls." ***Commonwealth v. Pursell***, 724 A.2d 293, 314 (1999). Therefore, "an imperfect instruction does not constitute reversible error where the charge, taken as a whole, fairly and accurately conveys the essential meaning." ***Commonwealth v. Uderra***, 862 A.2d 74, 92 (Pa. 2004). "A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration." ***Jones***, 954 A.2d at 1198 (citation omitted).

Additionally, Pennsylvania courts have upheld verdicts of guilt resulting from trials wherein the court used real-life examples to explain the concept of reasonable doubt. ***Commonwealth v. Jones***, 858 A.2d 1198, 1201 (Pa. Super. 2004) (affirming judgment of sentence where trial court attempted to clarify reasonable doubt by providing an example that dealt with the decision to cross the street at noon, when traffic was heavy, as opposed to midnight, when there would be little to no traffic).

In the instant case, the court instructed the jury on reasonable doubt:

A citizen who is accused of a crime is presumed to be innocent. A citizen who is accused of a crime remains innocent. They are presumed to be innocent throughout the entire proceeding unless and until you conclude, based upon a careful and impartial consideration of the evidence, that the Commonwealth has proven the citizen on trial guilty beyond a reasonable doubt of the charges that have been brought against him.

A citizen who is accused of a crime has no burden. They are not required to prove that they are not guilty. They are not required

to present evidence . . . The burden rests solely on the shoulders of the Commonwealth.

\* \* \*

[T]he Commonwealth bears this burden, proof beyond a reasonable doubt . . . It is the Commonwealth's burden to prove beyond a reasonable doubt each and every one of the elements of the crimes that are before you.

It is the highest standard in the law. There is nothing greater but that does not mean that the Commonwealth must prove its case beyond all doubt . . . The Commonwealth is not required to meet a mathematical certainty. The Commonwealth is not required to demonstrate the impossibility of innocence.

A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, to hesitate, to refrain from acting upon a matter of the highest importance to their own affairs.

A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence that was presented with respect to some element of each of the crimes charged.

A reasonable doubt, ladies and gentlemen, must be a real doubt. A reasonable doubt must not be imagined or manufactured to avoid carrying out an unpleasant responsibility . . . You may not find a citizen guilty based upon a mere suspicion of guilt. The Commonwealth's burden is to prove a citizen who has been accused of a crime guilty beyond a reasonable doubt.

If the Commonwealth has met that burden, then the citizen is no longer presumed to be innocent and you should find him guilty; on the other hand, if the Commonwealth has not met its burden, you must find him not guilty.

N.T. Trial, 12/17/10, at 16-22.

The court's instruction closely followed Pennsylvania Suggested Standard Criminal Jury Instruction 7.01, titled "Presumption of Innocence: Burden of Proof: Reasonable Doubt" ("PSSCJI"). The court accurately defined reasonable doubt, and instructed the jury that the law (1) places no duty on

Appellant to prove his own defense, (2) places all responsibility on the Commonwealth to prove Appellant's guilt beyond a reasonable doubt, and (3) presumes Appellant is innocent until proved otherwise. *See Commonwealth v. Ragan*, 743 A.2d 390, 401 (Pa. 1999) (affirming reasonable doubt instruction based, in part, on these factors).

Appellant challenges the portion of the instruction during which the court provided an example that asked jurors to consider reasonable doubt in the context of deciding whether to allow a loved one to undergo surgery for a life-threatening condition:

> If you were told by your precious one that they had a life-threatening condition and the doctor was calling for surgery, you would probably say, stop. Wait a minute. Tell me about this condition. What is this? You probably want to know what's the best protocol for treating this condition[.] Who is the best doctor in the region? No. You are my precious one. Who is the best doctor in the country? You will probably research the illness. You will research the people who handle this, the hospitals.
>
> If you are like me, you will call everyone who you know who has anything to do with medicine in their life. Tell me what you know. Who is the best? Where do I go? But at some moment the question will be called. Do you go forward with the surgery or not? If you go forward, it is not because you have moved beyond all doubt. There are no guarantees. If you go forward, it is because you have moved beyond all reasonable doubt.

*Id.* at 20-21. As stated above, Appellant argues that this example lessened the reasonable doubt standard. Appellant's Br. at 15-19.

When we view the court's medical illustration in combination with the trial court's accurate definition of the reasonable doubt standard, we do not believe there is a "reasonable likelihood" that the jury applied the reasonable

- 10 -

doubt standard in an unconstitutional manner. As stated above, the court significantly followed the PSSCJI on reasonable doubt and accurately defined the concept for the jury. Likewise, at no time did the court relieve the Commonwealth of its burden to prove each element of the charged offenses beyond a reasonable doubt. That the trial court chose to use a real-life example does not, on its own, entitle Appellant to relief. **See Jones**, **supra**. **See also Commonwealth v. Nam**, 2019 WL 3946049, at *3 (Pa. Super. filed Aug. 21, 2019) (unpublished memorandum) (concluding an almost identical set of instructions "when read in context of the entire instruction . . . states the law accurately"); **Commonwealth v. Vando**, 2020 WL 7028618 (Pa. Super. filed Nov. 30, 2020) (unpublished memorandum) (same).

As a result, we conclude that the PCRA court did not err in finding the underlying claim lacked merit and, therefore, that Appellant failed to establish that his trial counsel was ineffective for failing to object to the instruction.

## Failure to request a mistrial

In his final issue, Appellant contends that his trial counsel was ineffective for failing to request a mistrial based on witness Danyell Tisdale's testimony about Appellant's use of racial slurs. Appellant's Br. at 13-14. Appellant's entire argument in support of this issue is that "[n]o reasonable basis existed for [not requesting a mistrial] in light of this highly prejudicial evidence which irreparably painted defendant as a racist in the eyes of the jury. As a result, defendant must be awarded a new trial on the basis of trial counsel's failure to request a mistrial." Appellant's Br. at 13-14.

- 11 -

As stated above, to prevail on an ineffective assistance of counsel claim, the petitioner must establish: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) there is a reasonable probability that, but for the omission challenged, the outcome of the proceeding would have been different. **Dennis**, **supra** at 954.

Appellant has presented no argument to prove the first and third prongs of the ineffectiveness test. He has not provided citation to notes of testimony or supporting case law to demonstrate that his claim is meritorious. He likewise has made no attempt to convince this Court that a reasonable likelihood exists that the trial court would have granted him a mistrial thereby changing the outcome of the proceeding. Thus, Appellant's ineffectiveness claim fails and the PCRA court did not abuse its discretion in denying relief on this claim.

In sum, the PCRA court did not abuse its discretion in denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/21

- 12 -